ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
GOODMAN NEUMAN HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, California 94104
Telephone:    (415) 705-0400
Facsimile:    (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued as THE HOME DEPOT, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SANFORD ALAN KELLMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, LLC; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 4:25-cv-06974-JST<br><br>**HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:  Oct. 24, 2025<br>Time:  2:00 P.M.<br>Dept.:  Courtroom A, 15th Fl.<br>Judge: Magistrate Judge Alex G. Tse |

## INTRODUCTION

Plaintiff asks the Court to remand his action to the Superior Court of California, County of Contra Costa, on the sole argument that the action was untimely removed to this Court. Plaintiff claims that, because the 30-day deadline to remove landed on a Saturday, Defendant's subsequent removal on Monday was untimely. The basis of Plaintiff's Motion is an incorrect interpretation of the relevant statutes and case law, incorrectly reading both Federal Rules of Civil Procedure (FRCP), Rule 6(a)(1)(C), and Rule 6(a)(3)(A) as somehow mooting decades of precedent in the Federal Courts, particularly in the Ninth Circuit. Plaintiff's position is clearly at odds with the plain text of the FRCP, the case law in the Ninth Circuit, and common sense. Accordingly, the Court must reject Plaintiff's motion.

## PLAINTIFF'S MOTION HAS NO LEGAL BASIS

Plaintiff raises only one issue in his Motion: the timing of the filing and service of the Notice to Remove to this Court.

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-1-

**1. No Substantive Argument for Remand.**

While Plaintiff informs the Court both that "policy considerations favor remand" and that "removal must be strictly construed," Plaintiff offers no policy basis or relevant facts that would justify remand. There is no question of diversity of parties, and no question that Plaintiff's demand exceeds the jurisdictional threshold, Plaintiff offers no tangible, factual argument in favor of remand.

**2. Defendant's Notice of Removal was Timely Filed.**

Defendant does not dispute that Plaintiff's Summons and Complaint were served on July 17, 2025 and that, under 28 U.S.C. section 1446(b)(1), parties must file a Notice of Removal within 30 days of service: "the notice of removal of a civil action or proceeding be filed within 30 days after the receipt by the defendant, through service . . . of a copy of the pleading." Under the Statute, this puts the Defendant's deadline for Notice of Removal on August 16, 2025, a Saturday.

Defendant's Notice of Removal was filed on August 18, 2025, the Monday following the Saturday on which the filing was due under the statute. Plaintiff claims that Defendant's Notice of Removal was untimely, and as such, the Court must therefore grant his Motion to Remand. Plaintiff's rationale is based on an erroneous interpretation of FRCP Rule 6(a)(1)(C). Plaintiff argues that the Rule 6(a)(1)(C) "'provision' was designed for the paper-filing era, when clerk's offices were physically closed on weekends." Plaintiff also asserts that "Rule 6 (a)(3)(A) makes clear that deadlines extend only when the 'clerk's office is inaccessible,'" which does not apply here, given the advent of electronic filing. However, Plaintiff reads both Rule 6(a)(1)(C) and Rule 6(a)(3)(A) incorrectly.

Under the plain language of Rule 6(a)(1)(C), "[u]nless the court orders otherwise, if the clerk's office is inaccessible [ . . . ] on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Likewise, "that a deadline extends to the next business day when it falls on a Saturday, Sunday, or holiday is widespread." *LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1237 (9th Cir. 2015); *Kyle v. Campbell Soup Co.*, 28 F.3d 928-929 (9th Cir. 1994) (A 30-day deadline fell on a Saturday, by operation of FRCP Rule 6(a), deadlines which fall on weekends extend to the first following

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-2-

weekday, so the proper deadline was the following Monday); *Minasyan v. Mukasey*, 553 F.3d 1224, 1227–28 (9th Cir. 2009) (addressing the beginning of the one-year period of limitations for filing an asylum application); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1125–26 (9th Cir. 2007) (addressing the timeliness of a Title VII action after receipt of a right-to sue letter from the Equal Employment Opportunity Commission); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (addressing the "appropriate ending" of the one year grace period under the Anti-terrorism and Effective Death Penalty Act of 1996); *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (*per curiam*) (holding that because the last day of Oregon's two-year statute of limitations in a personal injury suit under 42 U.S.C. § 1983 ended on the Saturday preceding Columbus Day, the plaintiff could file on the following Tuesday); *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987) (holding that where the last day of the six-month limitations period under the Federal Tort Claims Act ended on a Saturday, the plaintiff could file on the following Monday).

Against this heavy precedent, Plaintiff cites two cases. **First**, Plaintiff cites a Tenth Circuit case, *United States v. Hurst*. 322 F.3d 1256, 1260 (l0th Cir. 2003). In *US v. Hurst*, that Circuit Court found that Rule 6(a) "can apply to 'any applicable statute' in the absence of contrary policy expressed in the statute," and that a legal document is considered filed on the date it is received by the court clerk, not on the later date it is officially processed or docketed. This is inapposite to Plaintiff's argument: in *US v. Hurst* the discussion is of whether a habeas petition was filed timely based on Rule 6(a), not whether this Court should reject the plain text of, and binding case law interpreting, Rule 6(a)(1)(C) as the Plaintiff demands. *Id*. at 1260. In fact, the *US v. Hurst* court explicitly adopts the reasoning outlined by the Ninth Circuit line of cases cited above. *Id*. at 1261. **Second**, Plaintiff cites a single Ninth Circuit case, even more strikingly inapposite than *US v. Hurst*, *In re Veritas Software Corp. Sec. Litig.* 496 F.3d 962, 973-74 (9th Cir. 2007). The only remotely relevant portion of *In re Veritas* is a section in which the Court of Appeals considered whether the District Court judge had "abused its discretion in denying [Appellant's] application for attorneys' fees because [said application] was filed 15 days late." *Id.* at 972. In that case, the Appeals Court found that "Rule 54 of the Federal Rules of Civil Procedure provides that when a party makes a claim for attorneys' fees and related nontaxable expenses, '[u]nless otherwise

HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment' under Fed.R.Civ.P. 54(d)(2)(B)" and the appellant made an application for attorneys' fees 29 days after the entry of judgment. *Id.* at 972-973. The case does not touch on 6(a)(1)(C) in any way related to Plaintiff's motion or representations therein.

### 3. Sanctions Against Plaintiff are Warranted

Based on the foregoing, not only was there an objectively reasonable basis for filing the Notice of Removal on the Monday following the deadline landing on a Saturday, but there is a plain and easily findable legal authority supporting that position. Not only should Plaintiff's request for sanctions be denied, but sanctions should be awarded against Plaintiff for requiring Defendant oppose a motion that should never have been brought in the first place, and also for wasting judicial resources to answer questions that could have been easily addressed with some basic legal research. Moreover, Plaintiff made no attempt to meet and confer regarding this Motion as is required under Local Rule 7-3. Defendant can provide an accounting of the time spent addressing this Motion and considering any Reply and/or oral argument that might be required if sanctions are awarded.

### CONCLUSION

Plaintiff has no basis at law to file this Motion to Remand, the plain text of Rule 6, and available Ninth Circuit case law run directly counter to Plaintiff's claims. Defendant's Notice of Removal was timely filed, and Plaintiff has provided no legal authority that Defendant was not entitled to the 30-day period or that Defendant had to file the Notice to Remove on the Friday prior or over the weekend. Accordingly, the Court should deny Plaintiff's Motion to Remand.

DATED: September 15, 2025                    GOODMAN NEUMAN HAMILTON LLP


By:   */s/ Zachary S. Tolson*
        ZACHARY S. TOLSON
        Attorneys for Defendant
        HOME DEPOT U.S.A., INC.

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND