PAUL J. STEINER [SBN 41117]
LAW OFFICES OF PAUL J. STEINER
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: 415-981-6100
Facsimile: 415-984-0950
Email: paul@sfpaulaw.com

Attorneys for PLAINTIFF,
DR. SANFORD ALAN KELLMAN

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SANFORD ALAN KELLMAN, AN INDIVIDUAL, <br><br> PLAINTIFF, <br><br> vs. <br><br> THE HOME DEPOT, INC; and DOES 1-20, Inclusive, <br> DEFENDANTS. | Case Number:  4:25-cv-06974-JST <br><br> PLAINTIFF'S REPLY TO THE OPPOSITOIN OF HOME DEPOT TO MOTION TO REMAND <br><br> Date:    October 24, 2025 <br> Time:    10:00 a.m. <br> Dept:    6 (Oakland) <br> Judge:  Hon. Jon S. Tigar |

## INTRODUCTION

Plaintiff's action seeks damages for personal injuries suffered on Defendant's premises located in Concord, Contra Costa County, California.  Plaintiff filed an action in state court for damages.  Thirty-two days after being served, the thirtieth day being a Saturday and the thirty-second day being a Monday, Defendants filed a Notice of Removal and related documents in this court.  Because the Notice of Removal was late-filed, Plaintiff filed his Motion to Remand.

Defendant Home Depot opposes Plaintiff's Motion for Remand relying upon routine and generally applicable rules and laws which usually give a party extra time to file their papers more than the time stated in rules limiting time to file documents and allowing the filing to occur beyond the 30-day or other period provided by the rule.  In making their argument, they cite

PLAINTIFF'S REPLY TO THE OPPOSITOIN OF HOME DEPOT TO MOTION TO REMAND DATE: OCTOBER 24, 2025TIME:  10:00 A.M.DEPT:   6 (OAKLAND)JUDGE: HON. JON S. TIGAR

1

numerous local and general rules and case law which applies to those general rules. They then ask for sanctions.

In their argument, however, Defendant does not cite a single case interpreting the removal or the remand statutes. As set out in Plaintiff's Motion for Remand, the removal statute is to be applied strictly. It is considered sufficiently unique and because ii allows, when properly applied, the defendant to chose a different forum in which to defend the action brought by the Plaintiff, it is analyzed and applied strictly and narrowly in its adherence to the statutory mandate of the legislature. Accordingly, the analysis of the removal statute is made by the courts adhering strictly to the words of the statute. There is no "give" or "forgiveness" It is strictly construed, meaning that when the statute says that the motion to remove must be brought within 30 days, that is what it means. It does not mean '...but if the 30th day falls on a weekend, it is extended by some mechanism or rule'.

Plaintiff's Motion to Remand cites cases specifically interpreting the removal statute. They are directly on point. They uniformly hold that if the Removal action is not brought within 30-days of the defendant being served, it is subject to a motion to remand. And that is what is done here.

AUTHORITIES

As is made clear in the authorities cited in Plaintiff's moving papers:

1. Removal statutes are strictly construed against federal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09* (1941). Any ambiguity in the timing provisions must be resolved in favor of remand to state court. That position was adopted in the Ninth Circuit as well. *Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)* and *Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1256 (9th Cir. 1989),* both cited in Plaintiff's moving papers.

2. Section 1446(b) of the removal statute sets a statutory deadline. Congress, not the Rules Enabling Act, set the 30-day period. The Federal Rules cannot enlarge or contract statutory time limits. *See Carlisle v. United States, 517 U.S. 416, 426* (1996) ("Rules of procedure do not create or withdraw federal jurisdiction.").

PLAINTIFF'S REPLY TO THE OPPOSITOIN OF HOME DEPOT TO MOTION TO REMAND DATE: OCTOBER 24, 2025TIME:   10:00 A.M.DEPT:   6 (OAKLAND)JUDGE:  HON. JON S. TIGAR

3.  On separate grounds, if the clerk's office is open and available, no extension of time is warranted or allowed. Rule 6 (a)(3)(A) makes clear that deadlines extend only when the "clerk's office is inaccessible." Courts interpreting this provision have emphasized that the extension applies only when access is truly unavailable. See *United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003)* (deadline extended only if clerk's office actually inaccessible). Likewise, courts have acknowledged that the rise of electronic filing changes how "accessibility" must be understood. See *In re Veritas Software Corp. Sec. Litig., 496 F.3d 962, 973–74 (9th Cir. 2007)* (considering local electronic filing rules to determine timeliness).

4.  Plaintiff should be awarded just costs and attorney's fees incurred as a result of the improper removal. *Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)* (fees appropriate where removal lacked an objectively reasonable basis).

Defendant did address these specifically targeted cases that apply to our specific situation, the statues involving removal and remand of cases from and to state and federal courts. Defendant's arguments do not acknowledge the concepts that these statutes are to be strictly construed, that they are disfavored, and that they are, as the *Shamrock Oil and Gas* case put it, strictly construed against federal jurisdiction.

Defendant's opposition should be rejected and Plaintiff's Motion to Remand, with an order allowing Plaintiff his attorney's fees, should be granted.

Dated: September 22, 2025.                   Respectfully submitted,

                                             LAW OFFICES OF PAUL J. STEINER

                                             By: _____
                                                 Paul J. Steiner,
                                                 Attorney for Plaintiff
                                                 Dr. Sanford A. Kellman.

PLAINTIFF'S REPLY TO THE OPPOSITOIN OF HOME DEPOT TO MOTION TO REMAND DATE: OCTOBER 24, 2025TIME:  10:00 A.M.DEPT:   6 (OAKLAND)JUDGE:  HON. JON S. TIGAR

3