United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7     DR. SANFORD ALAN KELLMAN,              Case No. 25-cv-06974-JST

8                  Plaintiff,

9          v.                                **ORDER DENYING PLAINTIFF'S
                                             MOTION TO REMAND**
10    THE HOME DEPOT, LLC,                    Re: ECF No. 7

11                 Defendant.

12

13         Before the Court is Plaintiff Sanford Alan Kellman's motion to remand based on his

14    contention that Defendant Home Depot's[1] removal was untimely.  ECF No. 7.  The Court finds

15    this matter suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civil

16    L.R. 7-1(b), and will deny the motion.

17         A defendant must file a notice of removal "within 30 days after the receipt by the

18    defendant, through service or otherwise," of the complaint.  28 U.S.C. § 1446(b)(1).  The parties

19    agree that the last day of this 30-day period fell on Saturday, August 16, 2025, and that Home

20    Depot did not file its notice of removal until Monday, August 18, 2025.

21         The removal statute does not "specify a method of computing time," so Rule 6(a) of the

22    Federal Rules of Civil Procedure governs.  Fed. R. Civ. P. 6(a).  Where, as here, "the last day of

23    the period" falls on a Saturday, "the period continues to run until the end of the next day that is not

24    a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).  Accordingly, Home Depot had

25    until Monday, August 18, to file its notice of removal, and its removal was therefore timely.

26         Kellman argues that Rule 6(a) does not apply because the Court's electronic filing system

27    ───────────────

28    [1] Defendant asserts that it was erroneously sued as The Home Depot, LLC, and that the correct
      entity is Home Depot U.S.A., Inc.  ECF No. 15 at 1.

United States District Court
Northern District of California

1   is available on weekends; because removal statutes are construed strictly against federal

2   jurisdiction; and because a federal procedural rule cannot create jurisdiction.  However, he cites no

3   authority, and the Court is aware of none, holding that Rule 6(a) does not apply in the age of

4   electronic filing or to calculating the end of the removal period specified in Section 1446.  To the

5   contrary, courts in this district and elsewhere have consistently held that when the end of the

6   statutory removal period falls on a Saturday, the deadline to file the notice of removal is the

7   following Monday, assuming that date is not a court holiday.  *E.g.*, *Doe #1400 v. Stanford Health*

8   *Care*, No. 5:24-cv-09359-BLF, 2025 WL 356496, at *4 (N.D. Cal. Jan. 31, 2025); *Rangel v.*

9   *Jaguar Land Rover N. Am.* LLC, No. 2:24-cv-02827-MRA-PD, 2024 WL 4869154, at *3

10  (C.D. Cal. Nov. 22, 2024); *Haynie v. Sysouvanh*, No. 2:23-cv-01077-KJM-CKD P, 2023 WL

11  5534342, at *1 (E.D. Cal. Aug. 28, 2023); *Pilger v. Potter*, No. 2:20-cv-01600-JAD-EJY, 2021

12  WL 2188801, at *4 n.50 (D. Nev. May 28, 2021); *Allen v. Toyota Motor Credit Corp.*, No. 19-cv-

13  03062-SK, 2019 WL 10944853, at *2 (N.D. Cal. Aug. 1, 2019); *see also Sun v. Bank of Am.*

14  *Corp.*, No. 2:25-CV-04786-HDV-MARx, 2025 WL 2507018, at *1 (C.D. Cal. Sept. 2, 2025)

15  (where the last day of the 30-day removal period fell on the Saturday before the Memorial Day

16  holiday, "the removal deadline was the next court day following the weekend and Memorial Day"

17  (emphasis omitted)).

18          Kellman's motion to remand is denied.

19          Defendant's request for sanctions, made only in its opposition brief, ECF No. 15 at 4, is

20  denied as procedurally improper.  Under Civil Local Rule 7-8(a), any motion for sanctions must

21  be separately filed and noticed for hearing.

22          **IT IS SO ORDERED.**

23  Dated:  November 6, 2025

24                                                      _____
                                                               JON S. TIGAR
25                                                         United States District Judge

26

27

28

                                                    2